Silvia G. Gerges, Esq.
**LAWRENCE & GERGES, LLC**
140 Mountain Avenue, Suite 204
Springfield, New Jersey 07081
Ph: (908) 845-3535; Fax: (908) 845-3536
Email: info@thelgfirm.com
Attorneys for Plaintiff(s) Deanna Carlin and Erick Rubel

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEANNA CARLIN and ERICK RUBEL<br><br>Plaintiffs,<br><br>vs.<br><br>BOROUGH OF HAWORTH/BOROUGH OF HAWORTH POLICE DEPARTMENT,OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, OFFICER MICHAEL GRACEY, OFFICER ALEX YANNUZZI,  JANET GALLAGHER, JUDGE JOHN J. RYAN, JR., JOHN DOES "1-8" (being fictitious names for unknown persons),<br><br>Defendants. | CIV. NO.<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

Plaintiffs, DEANNA CARLIN and ERICK RUBEL, residing at 278

Schraalenburgh Road, Borough of Haworth, County of Bergen, State of New Jersey,

by way of Complaint against the Defendants say:

## JURISDICTION AND VENUE

1.      Jurisdiction is proper in the United States District Court for the District of New Jersey under 28 U.S.C. § 1331 because this action is brought for violations of federal laws.

2.      The Court has supplemental jurisdiction for all state claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the United States District Court for the District of New Jersey because all activities giving rise to this action occurred in New Jersey.

## FACTS

1.      At all times relevant hereto Plaintiff DEANNA CARLIN was an adult citizen of the United States of America and a resident of the Borough of Haworth, County of Bergen, and State of New Jersey.

2.      At all times relevant hereto Plaintiff ERICK RUBEL was an adult citizen of the United States of America and a resident of the Borough of Haworth, County of Bergen, and State of New Jersey.

3.      At all times relevant hereto, Plaintiff RUBEL provided counseling and mental health services to clients in private practice.

4.      On or about April 24, 2010, Defendant BOROUGH OF HAWORTH/ HAWORTH POLICE DEPARTMENT (hereinafter, "HAWORTH") officer William Kirsch physically assaulted Plaintiff Carlin in the presence of Plaintiff Rubel on

their property causing physical injury to Plaintiff Carlin and emotional injuries to both Plaintiffs.

5.      Defendant HAWORTH falsely charged Plaintiff CARLIN as a result of those events; however all charges were dismissed in July of 2011.

6.      On or about November 13, 2014, Plaintiffs CARLIN and RUBEL reported a theft and burglary of their life savings from their home.

7.      Plaintiffs advised the HAWORTH police officer Defendants FOX, GRACEY, and YANNUZZI that a client of Plaintiff RUBEL's – Jonathan Feurer – had confessed to having stolen a significant amount of cash from their home.

8.      Plaintiffs estimated that Jonathan Feurer stole over $400,000.00.

9.      In fact, Plaintiffs had arrived at the Police station having been driven by Jonathan Feurer who had previously confessed to the crimes at an attorney's office and was ready to confess to the police.

10.      Defendants FOX, GRACEY and YANNUZZI refused to take a report from the Plaintiffs relating to the crimes they were reporting.

11.      Instead, Defendants mocked the Plaintiffs and refused to take any written statement, obtain any witness and accomplice evidence, or review and investigate the written and audio confession relating to the theft and burglary.

12.      Defendants FOX, GRACEY, and YANNUZZI misled Plaintiffs into believing they are responsible to retain private attorneys to investigate the crime and obtain "probable cause."

13.     Plaintiffs spent months trying to ascertain what, if anything, was being done in regards to the investigation of their claims by Haworth Police and/or the Bergen County Prosecutor's Office.

14.     Plaintiffs reasonably believed and were advised by counsel at the time that Haworth Police should have transferred the case charges against Jonathan Feurer to the Bergen County Prosecutor's Office as 2nd degree offenses that were indictable.

15.     On or about November 4, 2016, Defendants RAGONE, MORGAN and FOX entered Plaintiffs personal property for the sole purpose of harassing, intimidating, and bullying them.

16.     On or about December 14, 2016, Plaintiff went to the HAWORTH municipal building and made an OPRA request of all documents relating to Defendant HAWORTH's investigation of the burglary and theft of Plaintiffs' life savings from their home.

17.     In retaliation, on or about December 15, 2016, Defendant HAWORTH sent private, unidentified, and unlicensed landscapers to chainsaw trees on Plaintiffs' property without giving any prior notice of same.

18.     Plaintiffs asked the unidentified landscapers to stop destroying their property to no avail.

19.     Plaintiffs then called the HAWORTH police department for assistance.

20. Again, Defendants RAGONE, FOX, and MORGAN arrived on the scene and refused to instruct the landscapers to cease destruction of the Plaintiffs' property.

21. Instead, Defendants RAGONE, FOX and MORGAN threatened to arrest Plaintiff CARLIN if she did not stop instructing the landscapers to stop destroying her property.

22. Plaintiff CARLIN stated she would called the town to inquire about landscapers and turned to go back into her house to do so.

23. At that very moment, Defendants RAGONE AND MORGAN, with the assistance of Defendant FOX tackled Plaintiff to the ground and placed her under arrest.

24. Defendants assault Plaintiff and pulled at her arms and wrists while pressing their knees into her back.

25. Defendants simultaneously stated, "Stop resisting arrest" even though Plaintiff CARLIN was completely immobile and restrained.

26. Plaintiff CARLIN videotaped her interaction with Defendants RAGONE, MORGAN, and FOX on her cell phone on December 15, 2016.

27. Defendants unlawfully confiscated Plaintiff CARLIN's cell phone and have continued to withhold it in spite of repeated discovery requests for same, to the present date.

28. Plaintiff RUBEL also videotaped a portion of the assault on his wife by Defendants MORGAN, FOX, and RAGONE on December 15, 2016.

29.     In response to Plaintiffs' OPRA request of December 14, 2016, Haworth Court Administrator Janet Gallagher responded that to Plaintiffs that there are no records found relating to the investigation of the burglary and theft committed by Jonathan Feurer.

30.     On or about January 3, 2017, Richard Pompelio, Esq. wrote a letter to request confirmation that there were in fact no records pursuant to Plaintiffs OPRA request.

31.     On or about late January 2017, in response, Plaintiffs, through counsel, unexpectedly received the requested documents from Defendant HAWORTH.

32.     Plaintiffs learned for the first time that a Probable Cause hearing was held without their knowledge on May 4, 2015 and that Defendant JUDGE RYAN found no probable cause.

33.     Plaintiffs subsequently learned  on or about August 23, 2017 through counsel that the Bergen County Prosecutor's Office also closed their investigation relating to the burglary and theft of Plaintiffs' funds based on Defendant JUDGE RYAN's finding of no probable cause.

34.     As to Defendant JUDGE RYAN, Plaintiff's allege Defendant JUDGE RYAN engaged in judicial misconduct on more than one occasion beginning on or about 2010 and continuing to the present date by taking the following actions:

        a.  Encouraging at least three private attorneys paid by Plaintiffs to defend Plaintiff Carlin in the municipal court proceedings for the

charges arising out of the December 15, 2016 incidents so that Plaintiff CARLIN would be forced to proceed pro se.

b. Dismissing privately paid attorneys from representing Plaintiff Carlin in her municipal court proceedings without any hearing or motion on the matter.

   i. Specifically Defendant JUDGE RYAN dismissed Karen Brown, Esq. from representing Plaintiff Carlin on or about February 2, 2018, the Friday before Plaintiff's case was to be heard so that Plaintiff Carlin would be forced to appear Pro Se.

   ii. Plaintiffs then retained Kenneth Brown, Esq. of the Law Offices of Montell Figgins on or about February 4, 2018, the Sunday before the scheduled hearing.

   iii. Defendant JUDGE RYAN openly instructed Kenneth Brown, Esq. that he could leave the case if he wanted to during the February 5, 2018 proceeding.

   iv. Again, after a few weeks, Defendant JUDGE RYAN had private conversations with Plaintiff Carlin's attorney, Kenneth Brown, Esq. and allowed him to withdraw his representation without notice to the plaintiffs, a hearing or a motion on the matter at the end of March 2018.

v.  Plaintiffs retained Richard G. Potter, Esq. on or about March 28, 2018 on an emergency basis to represent Plaintiff Carlin in the municipal matter.

vi.  Defendant JUDGE RYAN insisted that Mr. Potter, Esq. begin the trial on April 2, 2018, after being on the case for only a couple of days, or that he withdraw his representation and have Plaintiff proceed to trial *Pro Se* on that day.

vii.  Mr. Potter objected to Defendant JUDGE RYAN's directive and insisted that he have additional time to prepare his case, and that he receive the outstanding discovery (including Plaintiff's cell phone that was previously taken by Haworth Police on December 15, 2016) before proceeding to trial.

c.  Defendant JUDGE RYAN refused to recuse himself from deciding on Plaintiff's December 15, 2016 municipal charges in spite of a clear conflict of interest.

i.  As a result of Defendant JUDGE RYAN's conduct in the 2010 municipal charges and his conduct relating to dismissing probable cause without any factual determinations on the matter, Plaintiffs filed Tort Claims Notices naming Judge Ryan as a potential Defendant.

ii.  Plaintiffs also filed two judicial misconduct complaints against Defendant JUDGE RYAN.

iii.   Plaintiffs, through counsel, moved on more than one occasion to change venue based on the clear conflict of interest and Defendant JUDGE RYAN denied the motion each time.

d.   Defendant JUDGE RYAN's repeated refusal to change venue as well as his repeated attempts to make Plaintiff defend her case *pro se* wreaks of malicious intent and is a blatant abuse of Defendant's judicial authority.

35.   As a direct and proximate result of Defendants' actions as described above, Plaintiffs have suffered bodily injury and has suffered and will in the future continue to suffered damage to their reputation and standing in the community along with severe mental and emotional distress.

## COUNT I

36.   The Plaintiffs repeat and re-allege all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

37.   Plaintiff CARLIN's right to not be arrested except on probable cause and to be free from unreasonable seizures are rights protected by the Fourth Amendment to the Constitution of the United States of America.

38.   Defendants RAGONE, MORGAN, and FOX violated Plaintiff's right to not be arrested except on probable cause and to be free from unreasonable seizures in violation of 42 U.S.C.A. §1983 on or about December 15, 2016.

39.   Defendants' actions were intentional, willful, reckless and egregious.

**WHEREFORE**, the Plaintiffs, DEANNA CARLIN and ERICK RUBEL, demand judgment against Defendants OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN,for:

    a. Compensatory Damages;

    b. Punitive Damages;

    c. Enhanced attorney's fees, costs of suit, disbursements and interest;

    d. Such other relief as the court may deem just and proper.

## COUNT II

40.    The Plaintiff repeats and re-alleges all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

41.    Plaintiff CARLIN's right to not be arrested except on probable cause and to be free from unreasonable seizures are rights protected by the Article I, Paragraphs 1 and 7 of the New Jersey Constitution.

42.    Defendants RAGONE, MORGAN, and FOX violated Plaintiff's right to not be arrested except on probable cause and to be free from unreasonable seizures in violation of New Jersey Civil Rights Act,  N.J.S.A. 10:6–1 to –2.

43.    Defendants' actions were intentional, willful, reckless and egregious.

**WHEREFORE**, the Plaintiffs, DEANNA CARLIN and ERICK RUBEL, demand judgment against Defendants OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, for:

    a. Compensatory Damages;

    b. Punitive Damages;

c. Enhanced attorney's fees, costs of suit, disbursements and interest;

d. Such other relief as the court may deem just and proper.

## COUNT III

44.  The Plaintiffs repeat and re-allege all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

45.  The Plaintiffs had a right to liberty and to procedural due process protected by the Fourteenth Amendment to the Constitution of the United States of America.

46.  OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, OFFICER MICHAEL GRACY, OFFICER ALEX YANNUZZI, JANET GALLAGHER, JUDGE JOHN J. RYAN, JR.,  violated Plaintiffs' right to procedural due process in violation of 42 U.S.C.A. §1983.

47.  Defendants' actions were intentional, willful, reckless and egregious.

**WHEREFORE**, the Plaintiffs, DEANNA CARLIN and ERICK RUBEL, demands judgment against Defendants OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, OFFICER MICHAEL GRACY, OFFICER ALEX YANNUZZI,  JANET GALLAGHER, and JUDGE JOHN J. RYAN, JR.,  for:

a. Compensatory Damages;

b. Punitive Damages

c. Enhanced attorney's fees, costs of suit, disbursements and interest;

d. Such other relief as the court may deem just and proper

## COUNT IV

48.     The Plaintiffs repeat and re-allege all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

49.     The Plaintiffs had a right liberty and to procedural due process protected by the Article I, Paragraphs 1 of the New Jersey Constitution.

50.     OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, OFFICER MICHAEL GRACY, OFFICER ALEX YANNUZZI, JANET GALLAGHER, JUDGE JOHN J. RYAN, JR.,  violated Plaintiffs' right to procedural due process in violation of New Jersey Civil Rights Act,  N.J.S.A. 10:6–1 to –2

51.     Defendants' actions were intentional, willful, reckless and egregious.

**WHEREFORE** the Plaintiffs, DEANNA CARLIN and ERICK RUBEL, demands judgment against Defendants OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, OFFICER MICHAEL GRACY, OFFICER ALEX YANNUZZI,  JANET GALLAGHER, and JUDGE JOHN J. RYAN, JR.,  for:

    a. Compensatory Damages;

    b. Punitive Damages;

    c. Enhanced attorney's fees, costs of suit, disbursements and interest;

    d. Such other relief as the court may deem just and proper.

## COUNT V

52.    The Plaintiffs repeat and re-allege all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

53.    The Plaintiffs had a right to liberty and to substantive due process protected by the Fourteenth Amendment to the Constitution of the United States of America.

54.    OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, OFFICER MICHAEL GRACY, OFFICER ALEX YANNUZZI, JANET GALLAGHER, JUDGE JOHN J. RYAN, JR.,  violated Plaintiff's right to substantive due process in violation of 42 U.S.C.A. §1983.

55.    Defendants' actions were intentional, willful, reckless and egregious.

**WHEREFORE,** Plaintiffs, DEANNA CARLIN and ERICK RUBEL, demands judgment against Defendants OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, OFFICER MICHAEL GRACY, OFFICER ALEX YANNUZZI,  JANET GALLAGHER, and JUDGE JOHN J. RYAN, JR., for:

    a. Compensatory Damages;

    b. Punitive Damages;

    c. Enhanced attorney's fees, costs of suit, disbursements and interest;

    d. Such other relief as the court may deem just and proper.

## COUNT VI

56.    The Plaintiffs repeat and re-allege all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

57.    The Plaintiffs had a right to  liberty and to substantive due process protected by the Article I, Paragraphs 1 of the New Jersey Constitution

58.    OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, OFFICER MICHAEL GRACY, OFFICER ALEX YANNUZZI, JANET GALLAGHER, JUDGE JOHN J. RYAN, JR.,  violated Plaintiff's right to substantive due process in violation of the New Jersey Civil Rights Act,  N.J.S.A. 10:6–1 to –2

59.    Defendants' actions were intentional, willful, reckless and egregious.

**WHEREFORE**, Plaintiffs, DEANNA CARLIN and ERICK RUBEL, demands judgment against Defendants OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, OFFICER MICHAEL GRACY, OFFICER ALEX YANNUZZI,  JANET GALLAGHER, and JUDGE JOHN J. RYAN, JR., for:

a. Compensatory Damages;

b. Punitive Damages;

c. Enhanced attorney's fees, costs of suit, disbursements and interest;

d. Such other relief as the court may deem just and proper.

## COUNT VII

60.    The Plaintiffs repeat and re-allege all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

61.    Defendant, BOROUGH OF HAWORTH is vested by state law with the authority to make policy on excessive force, false arrest, police investigations and charges of alleged crimes, and procedural due process and is responsible for the training and supervision of the individual Defendants named herein.

62.    The individual Defendants herein were at all times relevant hereto acting under the direction and control BOROUGH OF HAWORTH and were acting pursuant to the official policy, practice or custom of said Defendant.

63.    Acting under color of state law, BOROUGH OF HAWORTH intentionally, knowingly, recklessly and/ or with deliberate indifference failed to screen prior to hiring, train, instruct, supervise, control, and discipline, on a continuing basis, the individual defendants herein in their duties.

64.    Defendants BOROUGH OF HAWORTH were provided actual or constructive notice of unlawful practices similar to that involved with the instant matter involving the individual Defendants herein and/ or other staff whereby they customarily and frequently subjected citizens to deprivations of constitutionally protected rights.

65.    Despite having such notice, Defendant BOROUGH OF HAWORTH failed to employ sufficient corrective or disciplinary measures against the individual Defendants.

66.     Defendants BOROUGH OF HAWORTH had knowledge of, or, had they diligently exercised their duties to screen, instruct, train, supervise, control, and discipline the individual Defendants on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant BOROUGH OF HAWORTH had the authority and responsibility to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/ or with deliberate indifference failed to do so.

67.     Defendant BOROUGH OF HAWORTH directly or indirectly, under color of State law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the individual Defendants heretofore described.

68.     As a direct and proximate result of the acts and omissions of said Defendants as set forth herein, Plaintiffs suffered physical and emotional injury and mental anguish in connection with the deprivation of his constitutional rights. **WHEREFORE**, the Plaintiffs, demand judgment against the Defendants pursuant to 42 U.S.C.A. 1983 and the  New Jersey Civil Rights Act (N.J.S.A. 10:6-2) for compensatory and/ or punitive damages, together with interest, costs of suit and counsel fees.

## COUNT VIII

69.     The Plaintiffs repeats and re-alleges all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

70.     Plaintiffs bring this count under the New Jersey Tort Claims Act, N.J.S.A. 59:1.1 et seq.

71.     Defendants RAGONE, MORGAN and FOX unlawfully assaulted Plaintiff CARLIN and caused her physical injury on or about December 15, 2016.

72.     Defendants RAGONE, MORGAN and FOX were at all times relevant hereto acting with the scope of their employment with Defendant BOROUGH OF HAWORTH, and were at all times acting under color of state and municipal law.

73.     As a direct and proximate cause of Defendants' unlawful assault of Plaintiff, she was caused to suffer physical and emotional injury and mental anguish and will in the future continue to suffer emotional distress.

74.     Plaintiff CARLIN suffers from permanent loss of bodily function and has required in the past and continues to require medical treatment.

**WHEREFORE,** the Plaintiffs, DEANNA CARLIN and ERICK RUBEL, demands judgment against Defendants OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN and the BOROUGH OF HAWORTH, for:

a. Compensatory Damages;

b. Punitive Damages;

c. Enhanced attorney's fees, costs of suit, disbursements and interest;

d. Such other relief as the court may deem just and proper.

## COUNT IX

75.    The Plaintiff repeats and re-alleges all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

76.    Defendants RAGONE, MORGAN and FOX intentionally physically touched Plaintiff without her consent.

77.    Defendants RAGONE, MORGAN and FOX were acting as agents of Defendant BOROUGH OF HAWORTH in physically touching the Plaintiff.

78.    Defendants RAGONE, MORGAN and FOX's offensive physical contact with Plaintiff was done with malice or with wanton disregard of Plaintiff's personal rights and sensitivities.

**WHEREFORE,** the Plaintiffs, DEANNA CARLIN and ERICK RUBEL, demands judgment against Defendants OFFICER JUSTIN FOX, OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN and the BOROUGH OF HAWORTH, for:

a. Compensatory Damages;

b. Punitive Damages;

c. Enhanced attorney's fees, costs of suit, disbursements and interest;

d. Such other relief as the court may deem just and proper.

## COUNT X

79.    The Plaintiffs repeat and re-allege all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

80.    At all times relevant hereto,  Plaintiff ERICK RUBEL was Plaintiff DEANNA CARLIN's husband.

81.    As a result of the negligence of Defendants RAGONE, MORGAN and FOX, Plaintiff CARLIN was caused to suffer serious physical injury, and severe pain and suffering.

82.    On or about December 15, 2016, Plaintiff RUBEL watched as his wife suffered severe pain and physical injury.

83.    As a direct and proximate result of observing the pain and suffering of his wife, Plaintiff RUBEL was caused to suffer severe emotional distress.

**WHEREFORE**, the Plaintiffs, DEANNA CARLIN and ERICK RUBEL, demands judgment against Defendants OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN and the BOROUGH OF HAWORTH, for:

a. Compensatory Damages;

b. Punitive Damages;

c. Enhanced attorney's fees, costs of suit, disbursements and interest;

d. Such other relief as the court may deem just and proper.

## COUNT XI

1.    The Plaintiffs repeat and re-allege all the allegations of the previous paragraphs of the Complaint as if set forth at length herein.

2.      Plaintiffs bring this count under the New Jersey Civil Rights Act and Article I of the New Jersey State Constitution as well as the 42 U.S.C. §1983 and the United States Constitution.

3.      Defendants OFFICER JUSTIN FOX, OFFICER MICHAEL GRACY, OFFICER ALEX YANNUZZI,  JANET GALLAGHER, and JUDGE JOHN J. RYAN, JR. were at all times relevant hereto acting under color of state law.

4.      Defendants made an improper, illegal and/or perverted use of the legal procedure against Plaintiffs.

5.      Specifically, Defendants FOX, GRACY and YANNUZZI misguided Plaintiffs, who were victims of a theft and burglary about their legal rights and responsibilities to obtain "probable cause" and Defendants' responsibility to investigate such claims.

6.      Defendant JUDGE RYAN repeatedly released privately retained attorneys or allowed them to withdraw right before scheduled hearing dates in order to force Plaintiff CARLIN to proceed pro se, obviously putting her at a legal disadvantage.

7.      Defendant JUDGE RYAN repeatedly refused to recuse himself and/or change venue even after clear conflicts of interest.

8.      Defendant JUDGE RYAN unlawfully made a "no probable cause" finding regarding Plaintiffs allegations of being victims of theft and burglary, in spite of there being a written and recorded audio confessions of the crimes by Jonathan Feuer.

9.     Defendant JANET GALLAGHER illegally concealed records requested by Plaintiffs through an OPRA request and then subsequently altered, tampered, or created records for the purpose of depriving Plaintiffs of their legal rights.

10.    These actions are a blatant misuse and/or misapplication of the legal procedure in a manner not contemplated by law.

11.    The aforementioned conduct deprived Plaintiff of rights, privileges, or immunities secure by the United States and New Jersey Constitutions.

12.    As a direct and proximate result of the foregoing, Plaintiffs were caused to suffer injury including but not limited to severe emotional and mental distress.

**WHEREFORE**, Plaintiffs, DEANNA CARLIN and ERICK RUBEL, demands judgment against Defendants OFFICER JUSTIN FOX,OFFICER GIANLUCA RAGONE, OFFICER JAMES MORGAN, OFFICER MICHAEL GRACY, OFFICER ALEX YANNUZZI,  JANET GALLAGHER, and JUDGE JOHN J. RYAN, JR., for:

a. Compensatory Damages;

b. Punitive Damages;

c. Enhanced attorney's fees, costs of suit, disbursements and interest;

d. Such other relief as the court may deem just and proper.

## JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiffs hereby demand a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

The Plaintiff hereby designates Silvia G. Gerges, Esq. as Trial Counsel.

LAWRENCE & GERGES LLC

Attorneys for Plaintiffs

BY: _____

Silvia G. Gerges, Esq.

DATE: December 14, 2018

## C E R T I F I C A T I O N

I certify that, to the best of my knowledge, there is no other action pending before any Court involving or regarding the subject matter in controversy set forth in the within Complaint, nor is there pending before any tribunal any arbitration proceeding involving said subject matter, nor is any such action or arbitration proceeding contemplated. There are no other parties to this action known to us who should be or might be joined in this action.

22

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

DATED: December 14, 2018                    Silvia G. Gerges, Esq.

23